**Bakhrom TALIPOV, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**Nos. 12–4265 (L), 13–586(Con).**

United States Court of Appeals, Second Circuit.

Nov. 19, 2014.

Stacy Caplow, Of Counsel, Brooklyn, Law School Legal Services Crop., Brooklyn, NY, for Petitioner.

Stuart F. Delery, Assistant Attorney, General; Cindy S. Ferrier, Assistant, Director; Sunah Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, DEBRA ANN LIVINGSTON, SUSAN L. CARNEY, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Bakhrom Talipov, a native of the former Soviet Union and citizen of Uzbekistan, seeks review of a September 27, 2012 order of the BIA, affirming the September 20, 2011 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *In re Bakhrom Talipov*, No. A097 532 645 (BIA Sept. 27, 2012), *aff'g* No. A097 532 645 (Immig.Ct.N.Y. City Sept. 20, 2011), and a February 8, 2013 decision of the BIA denying his timely motion to reopen, *In re Bakhrom Talipov*, No. A097 532 645 (BIA Feb. 8, 2013). We assume the parties'

familiarity with the underlying facts and procedural history in this case.

***Petition for Review in Dkt No. 12–4265(L)***

Under the circumstances of this case, we review the decisions of both the IJ and the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder,* 562 F.3d 510, 513 (2d Cir.2009); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165–66 (2d Cir.2008) (per curiam).

■ A. *Credibility.* For applications such a Talipov's, governed by the REAL ID Act, the agency may base a credibility finding on an applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J–Y–C–,* 24 I. & N. Dec. 260, 265 (BIA 2007). "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin,* 534 F.3d at 167.

Talipov does not contest the agency's reliance on his inconsistent testimony regarding when his passport was stolen and has therefore waived review of that determination. Talipov also concedes that he testified inconsistently about when he received his civil summonses. Although he argues that this inconsistency was not material, the agency may base a credibility finding on inconsistencies that do not go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). The agency therefore did not err in basing the credibility finding on these inconsistences.

Talipov contends that the agency erred by treating the omissions from his supporting affidavit as inconsistencies. However, for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are ... functionally equivalent." *Xiu Xia Lin,* 534 F.3d at 166. Specifically, the agency relied on the omission from Talipov's affidavit of the allegation that the individuals who struck him with their car were wearing national security officer uniforms. This omission was significant because it was the driver's status as a government agent that furnished a nexus between the harm of being struck by the car and a protected ground. *See* 8 U.S.C. § 1101(a)(42).

Talipov also challenges the agency's reliance on other omissions. But while the omissions may be minor, the agency was entitled to rely on their cumulative effect. *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006).

The agency's adverse credibility determination also rests soundly on implausibilities in Talipov's account. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Some of them are not in themselves significant, and Talipov's explanations could be deemed plausible. However, the agency was not required to credit explanations unless they would be compelling to a reasonable fact-finder. *Cf. Majidi v. Gonzales,* 430 F.3d 77, 80 (2d Cir.2005).

Having called Talipov's credibility into question, the agency reasonably determined that it was further undermined by Talipov's failure to provide corroboration. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). Failure to corroborate an applicant's testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration makes an applicant unable to rehabilitate testimony that has already been called into question. *See Biao Yang v. Gonzales,* 496 F.3d 268, 273 (2d Cir.2007) (per curiam). Talipov

concedes that he failed to provide: (1) any article published under his own name; (2) articles published in the state-run newspaper exposing his pseudonym; or (3) medical records from his 2006 beating, which (he claimed) resulted in a severe concussion, treatment by a neurosurgeon, and biannual return visits to the hospital to receive two-week-long injection therapy. His assertion that the IJ held him to an overly stringent corroboration standard is therefore misplaced.

Based on the foregoing, the IJ's adverse credibility determination is supported by substantial evidence: it cannot be said "that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. The agency therefore did not err in denying asylum, withholding of removal, and CAT relief because all three claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

B. *Due Process.* Talipov raises a due process challenge to the IJ's conduct of proceedings, based on: the proceedings lasted too long and thereby impaired the assessment of his credibility; he appeared via video conference; and the IJ excessively interrupted him with questions. However, Talipov does not show how any of these supposed deficiencies impaired the assessment of his credibility, and it is unclear how the credibility finding—which was properly based on inconsistencies, omissions, the implausibility of his account, and a lack of corroborative evidence— could have been impaired by the IJ's questioning, the length of the proceedings, or the use of video conferencing. In short, Talipov's due process challenge fails because he does not "allege some cognizable prejudice fairly attributable to the chal-

lenged process." *Garcia–Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir.2008).

### Petition for Review in Dkt No. 13–586(Con).

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty*, 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). "A motion to reopen proceedings shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1) (2005). Failure to offer such evidence is, therefore, a proper ground on which the BIA may deny a motion to reopen, as is the movant's failure to establish a *prima facie* case for the underlying substantive relief sought. *Abudu,* 485 U.S. at 104–05, 108 S.Ct. 904. However, the BIA has an obligation to consider the "record as a whole," and it may be an abuse of discretion to deny a motion to reopen without addressing "all the factors relevant to [a] petitioner's claim." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 97 (2d Cir.2001).

A. *Journalism and Human Rights Activism.* The BIA did not err in declining to reopen proceedings on the basis of a letter from Talipov's work acquaintance, corroborating the existence of Zones Grises. As the BIA observed, the letter recounted events that took place from 2005 to 2006 and was therefore neither new nor previously unavailable. *See Norani v. Gonzales*, 451 F.3d 292, 294 & n. 3 (2d Cir.2006). The letter writer asserted that she at first ignored an April 2011 email from Talipov's counsel because she thought it was spam; but the BIA did not err in finding that Talipov failed to establish that his evidence was still unavailable

by the time the merits hearing concluded. *Cf.* 8 U.S.C. § 1254(b)(4).

The BIA also did not err in denying reopening on the basis of the Russian internet database printout reflecting an outstanding warrant for Talipov in Uzbekistan. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 159–60 (2d Cir.2008) (observing that motions to reopen must be supported by "reliable" evidence). The BIA reasonably determined that this evidence was unreliable because the database was not well-established and there was insufficient information concerning its affiliations. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006) (holding that the weight accorded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).

B. *Transgender Identity.* The BIA did not abuse its discretion in denying reopening based on the evidence concerning Talipov's male-to-female transgender identity. The BIA concluded that evidence of Talipov's transgender identity and sexual orientation could have been presented at his merits hearing because Talipov was aware of his gender identity since childhood. Talipov relies on evidence that he only recently began hormone therapy, started using makeup, started wearing women's clothes, and began living openly as a male-to-female transgender person. These events may have been recent, but for all the record shows, the recent hormonal therapy may have had no obvious outward effect, and he could at any time have assumed a woman's habit and presentation. *See Singh v. Gonzales,* 468 F.3d 135, 139 (2d Cir.2006) ("Motions to reopen are designed to allow consideration of circumstances that have arisen subsequent to the applicant's previous hearing."). In short, Talipov's gender identity evidence was not new or previously unavailable because it shows only the recent expression by him of his unchanged psychological self-perception.

### Pending Motions

A. *Additional Evidence.* The government moves to strike Talipov's reply, which contains evidence outside the administrative record but does not advance legal arguments. Talipov moves for inclusion of his additional evidence, which relates to his physical transformation as a male-to-female transgender person, in the administrative record. Because our review is limited to the administrative record upon which each final order is based, 8 U.S.C. § 1252(b)(4)(A), we grant the government's motion to strike Talipov's reply and deny Talipov's motion to supplement the record with additional evidence.

B. *Case Captions.* Talipov moves to amend the case captions in Dkt. Nos. 12–4265(L) and 13–586(Con) to reflect his legally changed name: Victoria Jacobs. His motion is supported by an order from the Civil Court of the City of New York reflecting his name change. The government does not oppose Talipov's request. We grant the motion to amend the case captions to reflect Talipov's legally changed name.

For the foregoing reasons, the petitions for review in Dkt. No. 12–4265(L) and Dkt. No. 13–586(Con) are DENIED. It is further ORDERED that the government's motion to strike Talipov's reply and Talipov's motion to amend the case captions are GRANTED and that Talipov's motion for inclusion of his additional evidence is DENIED.

As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argu-

ment in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).